Baldwin *v.* Merrill.

Edwin P. Baldwin *versus* Russell L. Merrill et al.

By the act of 1856, ch. 263, s. 2, the court is authorized to receive evidence that no service of a citation of a poor debtor was made upon the creditor, notwithstanding such evidence may contradict the record of the magistrates; but a citation issued with a seal upon it which had accidentally fallen off when it was served by the officer by reading it to the creditor, is a good service, and not within the spirit or letter of that statute.

This case is Reported by Appleton, J., and the facts appear in the opinion of the court.

The case was ably argued by *A. L. Simpson,* counsel for the plaintiff,

And by *J. Crosby,* counsel for the defendants.

Appleton, J. This is an action of debt upon a poor debtor's bond, to which the certificate of the magistrates before whom the disclosure was had, is relied upon as a defence.

"It has often been decided, in this state," remarks Shepley, C. J., in *Clement* v. *Wyman,* 31 Maine R., 50, "that the certificate of the justices respecting the notice is conclusive, unless its effect be destroyed by an agreed statement of facts,

or by a voluntary admission of illegal testimony." In *Pike* v. *Herriman,* 39 Maine R., 52, the adjudication of the magistrates as to the notice given to the creditor, was held to be conclusive, and not examinable upon *certiorari.* In the last mentioned case evidence was offered to show that *no notice* had been given to the creditor or his attorney, but it was excluded.

The act of 1856, ch. 263, would seem to have been passed to obviate the injustice which might arise in cases like that of *Pike* v. *Herriman,* when in fact there had been no notice given to the creditor or his attorney.

By s. 2, the court is authorized to "receive evidence to show that *no service* of the citation provided for by law was made upon the creditor or assessor, notwithstanding such evidence may contradict the record and certificate of the magistrates before whom the oath was taken."

The citation is proved to have had a seal affixed, when issued by the magistrate. When served by the officer it seems the seal had ceased to adhere to the citation. The service was by reading. The only objection to the service is, that when read to the creditor the seal had dropped off—without fault of the officer or the debtor. This assuredly cannot be regarded as a case where there was *no service* of the citation.

The proof offered to avoid the effect of the certificate of the magistrates, is neither within the spirit nor the letter of the statute, and cannot avail the plaintiff. The certificate is a bar to the action, and the plaintiff must be nonsuit.

*Plaintiff nonsuit.*